UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ARCHIE WHALEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:91-cr-00033-LEW-1 |
| | ) | 1:22-cv-00413-LEW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 33.) Following a guilty plea, Petitioner was convicted of receipt of a firearm while under felony indictment; the Court sentenced Petitioner to twenty-one months in prison. (Second Amended Judgment, ECF No. 52-4.) Petitioner was released and later convicted in another district of another crime for which he is currently serving a lengthy sentence. (Judgment, *United States v. Whalen*, 4:09-cr-00019-JHM-HBB ECF No. 150 (W.D. Ky. Dec. 20, 2012).)

Petitioner argues that a recent Supreme Court case, *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), renders his original conviction unconstitutional. The Government requests dismissal. (Response, ECF No. 52.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion for lack of jurisdiction because Petitioner is not in custody pursuant to a judgment of this Court.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In November 1989, Petitioner was arrested on state court charges for allegedly threatening and assaulting three members of his family during a domestic dispute. (Prosecution Version at 1, ECF No. 52-3; Presentence Investigation Report (PSR) ¶ 7, ECF No. 50-1.) Petitioner was charged in state court with seven felonies and one misdemeanor. Later the same day, after being released on bail under the condition that Petitioner would not return to the residence, would not have any contact with the three family members, and would not use or possess any firearms, Petitioner returned to his mother's residence and was arrested for a violation of the conditions of release. (Prosecution Version at 1; PSR ¶ 7.) He was released on bail after being advised again that he was not permitted to use or possess any firearms. (Prosecution Version at 2; PSR ¶¶ 8–9.)

In April 1990, Petitioner purchased a .357 magnum Taurus revolver from a licensed firearms dealer. (Prosecution Version at 3; PSR ¶ 10.) He completed ATF Form 4473 and responded "no" to question 8(a) which asked, "Are you under indictment or information in any court for a crime punishable by imprisonment for a term exceeding one year?" (Prosecution Version at 3; PSR ¶ 10.) Petitioner then used the firearm to threaten and assault another individual when he attempted to collect a debt on behalf of Petitioner's father. (Prosecution Version at 3; PSR ¶ 11.) At a bail revocation hearing in state court, Petitioner admitted to purchasing the revolver in April 1990. (Prosecution Version at 3, PSR ¶ 12.)

In March 1991, a federal grand jury indicted Petitioner on one count of making a false statement in connection with the purchase of a firearm in violation of 18 U.S.C. §

922(a)(6) and one count of receiving a firearm while under felony indictment in violation of 18 U.S.C. § 922(n). (Indictment, ECF No. 52-2.) Petitioner pled guilty to the second count of the indictment, and in November 1991, the Court sentenced him to twenty-four months in prison; the sentence was subsequently reduced to twenty-one months in prison. (Docket Record at 2–3, ECF No. 52-1; Second Amended Judgment, ECF No. 52-4.) Petitioner did not file an appeal.

Petitioner was released from imprisonment in April 1993 and began his term of supervised release. (First Revocation Report at 4, ECF No. 50-2.) He was later arrested in New York in October 1994 after officials learned of further domestic violence. (*Id.* at 4-6.) In December 1994, Petitioner's supervised release was revoked, and the Court sentenced Petitioner to six additional months in prison. (First Revocation Judgment at 1–2, ECF No. 52-5.) Petitioner filed an appeal; the First Circuit affirmed the revocation judgment. *United States v. Whalen*, 64 F.3d 654, 1995 WL 501946, *1 (1st Cir. 1995).

Petitioner was released from imprisonment in May 1995 and began a two-year period of supervised release. (Second Revocation Report at 5, ECF No. 50-3.) Following further domestic violence in June 1995, the Court revoked Petitioner's supervised release in July 1995 and sentenced Petitioner to twelve months in prison. (*Id.*; Second Revocation Judgment at 1–2, ECF No. 52-6.) Petitioner filed another appeal, and the First Circuit again affirmed the revocation judgment. *United States v. Whalen*, 82 F.3d 528, 530 (1st Cir. 1996). In June 1996, Petitioner was released from prison, which completed his sentence for the 1991 conviction. (Inmate History Report at 3, ECF No. 52-7.)

In October 2009, a grand jury in the Western District of Kentucky indicted Petitioner on one count of transporting a minor in interstate commerce with the intent to engage in sexual activity in violation of 18 U.S.C. § 2423(a).  (Indictment, 4:09-cr-00019-JHM-HBB ECF No. 1.)  After a trial in July 2012, the jury found Petitioner guilty.  (Jury Verdict, 4:09-cr-00019-JHM-HBB ECF No. 132.)  In December 2012, Petitioner was sentenced to 360 months in prison.  (Judgment, 4:09-cr-00019-JHM-HBB ECF No. 150.)  Petitioner's guideline range and sentencing factors evidently were impacted by his criminal history, including his first federal conviction and prior incidents of sexual abuse against minors.  (Second PSR ¶¶ 36, 46, 49,51–52, 87, ECF No. 50-4, 4:09-cr-00019-JHM-HBB ECF No. 146.)  The Sixth Circuit affirmed.  *United States v. Whalen*, 578 F. App'x 533, 536 (6th Cir. 2014).

## DISCUSSION

The federal postconviction review statutes allow prisoners "in custody" pursuant to a sentence from a state or federal court to collaterally attack the sentence if it violated federal law.  28 U.S.C. §§ 2254(a), (b)(1), (d), (e)(1), 2255(a).  A person is "in custody" not only when a person is physically incarcerated, but also when a person "suffer[s] substantial restraints not shared by the public generally."  *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 510 (1982).  Therefore, a person is still in custody when conditionally released under supervision, but not when a sentence has "fully expired."  *Maleng v. Cook*, 490 U.S. 488, 491 (1989).

The critical date for the custody determination is the filing date of the § 2255 motion or § 2254 petition. *Fernos-Lopez v. Figarella Lopez*, 929 F.2d 20, 23 (1st Cir. 1991).[1] This is because when the custody requirement has been satisfied for a pending habeas petition, the "collateral consequences" of the conviction—such as voting restrictions or prohibitions against holding public office or jury service—are sufficient to prevent the pending petition from becoming moot if the petitioner is unconditionally released, *Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968), but when a petitioner's sentence has fully expired before the petition was filed, the collateral consequences of a prior conviction are insufficient to satisfy the custody requirement in the first instance. *Maleng*, 490 U.S. at 491–92.

Here, Petitioner was unconditionally released in June 1996 from the sentence imposed in the District of Maine, but he did not file the § 2255 motion in this District until December 2022. Petitioner argues that his § 2255 motion should proceed because there are ongoing collateral consequences from the prior conviction, namely the enhancing effect the District of Maine conviction had on his current sentence from the Western District of Kentucky. The Supreme Court, however, has rejected that argument. *See Maleng*, 490 U.S. at 492 (holding that a person does not remain in custody pursuant to a discharged sentence merely because the "prior conviction will be used to enhance the sentences imposed for any subsequent crimes"). The record reflects that Petitioner filed his habeas

---

[1] Although many of the cases analyzing the requirement involved state prisoners, "the 'in custody' requirement of an actual restraint on liberty applies equally to proceedings under § 2254 and § 2255." *United States v. Michaud*, 901 F.2d 5, 7 (1st Cir. 1990).

motion more than twenty-five years after he was no longer in custody pursuant to this Court's sentence. This Court, therefore, lacks subject matter jurisdiction over the § 2255 motion.[2]

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

---

[2] The jurisdictional custody requirement might be less of an issue in the Western District of Kentucky, *Cuevas v. United States*, 778 F.3d 267, 272 (1st Cir. 2015) (holding that a claim is cognizable under § 2255 when there is a subsequent vacatur of a prior conviction previously used to enhance a current sentence), but transfer is not appropriate in this case because his motion would be barred by the statute of limitations and ultimately lacks merit. Petitioner claims that *Bruen* represents a new rule of law retroactively applicable on postconviction review and invalidating his § 922(n) conviction. The *Bruen* Court invalidated some state licensing processes for the carrying of handguns for self-defense outside the home, 142 S. Ct. at 2122, but the *Bruen* Court did not address or consider § 922(n) or any other federal firearm criminal statute. While the Supreme Court instructed courts to begin using a different analysis for Second Amendment challenges than previously employed by some lower courts, *id.* at 2126, the Court's instruction does not constitute a new rule of law for purposes of the § 2255 statute of limitations or a postconviction claim based on an alleged vacatur of a sentence-enhancing prior conviction. *See Sawyer v. Smith*, 497 U.S. 227, 236 (1990) (warning against interpreting or applying retroactivity rules at a high level of generality).

For essentially the same reasons, even if Petitioner could invoke some other avenue for postconviction relief from this Court, such as a writ of coram nobis, *see generally*, *Alvarado-Ortiz v. United States*, 55 F. App'x 6, 6–7 (1st Cir. 2003); *United States v. Barrett*, 178 F.3d 34, 54–56 (1st Cir. 1999), his claim would fail because *Bruen* did not invalidate his prior conviction or § 922(n). *See United States v. Rodriguez*, No. 22-10896, 2023 WL 4044409, at *1 (5th Cir. June 16, 2023) (the defendant was not entitled to relief because "[t]here is no binding precedent holding § 922(n) unconstitutional, and it is not clear *Bruen* dictates such a result").

## **NOTICE**

      A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

      /s/ John C. Nivison
      U.S. Magistrate Judge

Dated this 6th day of November, 2023.