UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ARCHIE WHALEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:91-CR-00033-LEW |
| | ) | 1:22-CV-00413-LEW |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE,
<u>DENYING MOTION FOR EXTENSION OF TIME</u>**

On November 6, 2023, United States Magistrate Judge John Nivison filed with the Court his Recommended Decision on Petitioner's 28 U.S.C. § 2255 Motion (ECF No. 58). Through his Motion (ECF No. 33), Petitioner Archie Whalen contends that his 1991 conviction under 18 U.S.C. § 922(n) (prohibiting receipt/possession of firearm while under felony indictment) was unconstitutional in light of the Supreme Court's holding in *New York State Rifle & Pistol Association, Inc., v. Bruen*, 142 S. Ct. 2111 (2022), an opinion that, importantly, did not address the constitutionality of § 922(n).

In his Recommended Decision, Magistrate Judge Nivison recommends that Petitioner's Motion be denied on jurisdictional grounds. Judge Nivison observes that, because Petitioner has long ago served out the entire sentence imposed by this District for violation of § 922(n), he is no longer in custody under a sentence of this Court for purposes of § 2255, even if he has arguable grounds to collaterally attack his § 922(n) conviction (a supposition the Recommended Decision shoots down in a footnote).

As to the availability of relief in this District under § 2255, the recommendation is spot on.  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Although Petitioner is presently a "prisoner in custody" due to a more recent federal conviction in the Western District of Kentucky, he is not presently "in custody under" the expired sentence of the District of Maine that he seeks to collaterally attack, and that is what matters for purposes of § 2255.  *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam) ("The question presented by this case is whether a habeas petitioner remains 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted.  We hold that he does not.").

But Petitioner is not actually pursuing a release order or a shorter sentence from this Court.  Petitioner explains that if he could obtain relief from the 1991 conviction in this Court, then that conviction would no longer be part of his criminal history and he could petition the Western District of Kentucky to reduce his current sentence based on a new sentencing guideline calculation.

On December 4, 2023, a few days after the deadline to object to the Recommended Decision, Petitioner filed a request for an extension of time to file an objection (ECF No.

59).  Petitioner states that he believes one could make an argument that this Court has jurisdiction and that it makes the most sense for this Court to determine the constitutionality of its own judgment of conviction.  Because Petitioner intends to pursue § 2255 relief from the Western District of Kentucky, he suggests that this Court grant a six-month extension to his deadline to file an objection to the Recommended Decision, so this Court can make its decision informed by what the Western District of Kentucky does.  Petitioner also suggests that an attorney could better present arguments on his behalf.

    Petitioner is not entitled to the appointment of counsel in this matter and there is no good cause to extend his deadline for objection.  As to the request for relief under § 2255, given the jurisdictional impasse described in the Recommended Decision, there is nothing to be achieved by an appointment of counsel or an extended deadline.  Section 2255 relief is not available in this District.[1]

    As for the potential availability of relief based on something other than § 2255, Judge Nivison identified the writ of coram nobis, but then explained that the writ would not avail Petitioner.  Rec. Dec. at 6 n.2.  I agree that habeas-style relief is not otherwise available through 28 U.S.C. § 2241 or 28 U.S.C. § 1651, while Petitioner is in custody under a judgment of the Western District of Kentucky, based on the cases cited in the

---

[1] Judge Nivison observed in a footnote that Petitioner's suggestion that *Bruen* somehow invalidates his conviction under § 922(n) depends of a "high level of generality"—since *Bruen* did not strike down a conviction under § 922(n)—and that such a high level of generality is not sufficient to serve as a right newly recognized by the Supreme Court for purposes of the statute of limitation found in 28 U.S.C. § 2255(f)(3). *See* Rec. Dec. at 6 n.2 (citing *Sawyer v. Smith*, 497 U.S. 227, 236 (1990) (warning against identifying a right as new based on language expressed at a high level of generality)).  I do not reach this separate § 2255 issue.

Recommended Decision. *United States v. Barrett*, 178 F.3d 34, 38, 54–55 (1st Cir. 1999); *Alvarado-Ortiz v. United States*, 55 F. App'x 6, 7 (1st Cir. 2003) (per curiam, unpublished); *see also Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013) ("A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241."). Accordingly, the appointment of counsel or the provision of an extension would not be appropriate in this context, either.

The remaining issue is whether there is any other form of relief for Petitioner other than habeas-style relief (e.g., relief aimed at something other than release from prison) based on his contention that his conviction under § 922(n) was unconstitutional. Accepting that there is a claim for equitable relief that would allow a district court to expunge an unconstitutional conviction, *see*, *e.g.*, *Reyes v. Supervisor of Drug Enforcement Admin.*, 834 F.2d 1093, 1098 (1st Cir. 1987) (mentioning narrow power in equity "to expunge records of unconstitutional convictions"); *United States v. Carey*, 602 F.3d 738, 740 (6th Cir. 2010) ("An order on a motion to expunge a conviction is within the equitable jurisdiction of a federal district court."); *United States v. Robinson*, 79 F.3d 1149 (Table), 1996 WL 107129, at *2 (6th Cir. 1996) ("[F]ederal courts have most readily invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct. Conversely, courts have uniformly denied expunction requests regarding valid convictions."), the record does not support a finding that Petitioner's conviction was

unconstitutional based on *Bruen* because the felony indictment giving rise to the § 922(n) conviction was Criminal Threatening with a Dangerous Weapon and arose from a domestic situation.[2]

I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision and determine that no further proceeding is necessary.

---

[2] *Cf. United States v. Holden*, 70 F.4th 1015 (7th Cir. 2023), *cert. denied*, No. 23-5726, 2023 WL 7475243 (U.S. Nov. 13, 2023):

> Governments may keep firearms out of the hands of dangerous people who are apt to misuse them. *Bruen*, 142 S. Ct. at 2131 (Second Amendment protects "law-abiding, responsible citizens"), 2148–50 (discussing surety laws), 2162 (Kavanaugh, J., concurring). Even if some applications of § 922(n) would flunk the constitutional standard (say, someone under indictment for an antitrust offense), others might illustrate the sort of person who cannot be trusted with guns (say, someone under indictment for using violence against a domestic partner).

*Id.* at 1017–18. As this dicta from *Holden* suggests, *Bruen* cannot be read as recognizing a right that would undermine Petitioner's § 922(n) conviction. Furthermore, "[t]he common thread tying the early-American history of firearm regulation together is that governments exercised authority to disarm persons seen as too dangerous to possess a firearm." *United States v. Levasseur*, 2023 WL 6623165, at *7 (D. Me. Oct. 11, 2023); *see also United States v. Torres-Rosario*, 658 F.3d 110, 113 (1st Cir. 2011) (reasoning that even if "the Supreme Court may be open to claims that some felonies do not indicate potential violence and cannot be the basis for applying a categorical ban," the appellant's prior convictions "for serious drug offenses" were not likely to be among the "felonies so tame and technical" such that the Second Amendment would be a defense to a felon-in-possession prosecution). This authority logically extends to disarming persons subject to a felony prosecution for Criminal Threatening with a Dangerous Weapon. The Fifth Circuit, however, has ruled that 18 U.S.C. § 922(g)(8)'s prohibition on persons subject to a domestic violence restraining order from possessing firearms is facially unconstitutional under *Bruen*. *See United States v. Rahimi*, 61 F.4th 443, 460 (5th Cir. 2023), *cert. granted*, 143 S. Ct. 2688 (2023). The Supreme Court has granted certiorari to review the Fifth Circuit's decision and will decide the case this Term.

It is therefore ORDERED that the request for an extension (ECF No. 59) is DENIED and the Recommended Decision of the Magistrate Judge (ECF No. 58) is hereby AFFIRMED and ADOPTED.  The motion for habeas relief under 28 U.S.C. § 2255 (ECF No. 33) is DENIED and DISMISSED without an evidentiary hearing.  Petitioner's related request (as interpreted) for equitable relief in the nature of expungement is DENIED.  It is further ORDERED that no certificate of appealability will issue from this Court because the Petitioner has not made a substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

Dated this 26th day of December, 2023.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE